UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARTIN RICHARD CHEW,**

  **Plaintiff,**

**v.**                                                      Case No: **5:23-cv-257-MMH-PRL**

**FCC,**

  **Defendant.**

_____

## ORDER

Plaintiff, Martin Richard Chew, who is proceeding *pro se* filed this action against the FCC. (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 4). For the reasons explained below, Plaintiff's motion to proceed *in forma pauperis* will be taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the Complaint.

### I.    LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

## II.      Discussion

Plaintiff's eight-page handwritten complaint contains various factual allegations that fail to coalesce into a sensical claim. From the discernable allegations, it appears that Plaintiff's complaint arises from his SafeLink wireless service being "cut off" on September 22nd.[1] (Doc. 1 at 2). After "pretty much 6 months no service, no support 'then' FCC complaint, 21 hours later, nonstop bombardment, calls, texts, emails . . . From SafeLink Tracfone . . ." (Doc. 1 at 2). During that six month period, Plaintiff's "SSI payments account was suspended for [his] inability to confirm charges (rightfully so, yet further crushin [sic] any effort to self resolved [sic]." (Doc. 1 at 3). It is unclear what relief Plaintiff seeks.

### A. Federal Rules of Civil Procedure

As an initial matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain short and plain statements of the claim showing that he is entitled to relief or the grounds for this Court's jurisdiction, as required by Rule 8. Fed. R. Civ. P. 8. Instead, it is rife with rambling, unclear allegations, for example "Your Honor — it's 'oils being squirted on the floor, tails getting [sic] snipped shorter, and, the very part that again, I have no anger, or (to old & lazy . . .) to be "any 'harm', just neutral[.]" (Doc. 1 at 4). Nor does the complaint delineate the alleged causes of action into counts or another organized manner as required by Rule 10. Fed. R. Civ. P. 10. Indeed, Plaintiff's complaint does not even refer to a cause of action.

---

[1] Plaintiff's allegations fail to provide a year that his "service" was cut off.

However, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify his claims and the bases for them. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether he can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### B. Motion to Proceed *In Forma Pauperis*

Also, Plaintiff's motion to proceed *in forma pauperis* is deficient. Plaintiff, at this Court's direction, filed a motion to proceed *in forma pauperis*, representing that he "holds no assets, no bank accounts, NOTHING[.]" (Docs. 3 & 4). However, Plaintiff's motion fails to make the necessary representations in an affidavit addressing the language of 28 U.S.C. § 1915(a)(1). 28 U.S.C. § 1915(a)(1) (requiring an affidavit "include[] a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . . [and] state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("[a]n affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation") (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)). Plaintiff can find sample *in forma pauperis* applications and complaint forms on the Court's website[2]—such forms can assist Plaintiff by providing the appropriate format and content for his amended motion to proceed *in forma pauperis* and amended complaint.

---

[2] https://www.flmd.uscourts.gov/forms/all/litigants-without-lawyers-forms.

### III.   CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **June 23, 2023**, to file an amended application including a properly executed affidavit; and until **June 30, 2023**, to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discoveryhandbook).

**DONE** and **ORDERED** in Ocala, Florida on June 2, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties