UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARTIN RICHARD CHEW,**

    **Plaintiff,**

**v.**                                                     **Case No: 5:23-cv-257-MMH-PRL**

**FCC,**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

Plaintiff, Martin Richard Chew, who is proceeding *pro se* filed this action against the FCC. (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 4). Previously, upon noting deficiencies in Plaintiff's original complaint and application to proceed *in forma pauperis*, I took both under advisement and allowed Plaintiff to file an amended complaint and an amended application to proceed *in forma pauperis*. (Doc. 5). Plaintiff failed to file an amended complaint and an amended application to proceed *in forma pauperis* within the time permitted and thus has not cured the deficiencies in each. Accordingly, I recommend that Plaintiff's motion be denied and the complaint be dismissed.

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

As the Court observed in its prior Order (Doc. 5), Plaintiff's eight-page handwritten complaint contains various factual allegations that fail to coalesce into a sensical claim. From the discernable allegations, it appears that Plaintiff's complaint arises from his SafeLink wireless service being "cut off" on September 22nd.[2] (Doc. 1 at 2). After "pretty much 6 months no service, no support 'then' FCC complaint, 21 hours later, nonstop bombardment, calls, texts, emails . . . From SafeLink Tracfone . . ." (Doc. 1 at 2). During that six-month period, Plaintiff's "SSI payments account was suspended for [his] inability to confirm charges (rightfully so, yet further crushin [sic] any effort to self resolved [sic]." (Doc. 1 at 3–4). It is unclear what relief Plaintiff seeks.

As an initial matter, Plaintiff's complaint does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does not contain short and plain statements of the claim showing that he is entitled to relief or the grounds for this Court's jurisdiction, as required by Rule 8. Fed. R. Civ. P. 8. Instead, it is rife with rambling, unclear allegations, for example "Your Honor — it's 'oils being squirted on the floor, tails getting [sic] snipped shorter, and, the very part that again, I have no anger, or (to old & lazy . . .) to be "any 'harm', just neutral[.]" (Doc. 1 at 4). Nor does the complaint delineate the alleged causes of action into counts or another organized manner as required by Rule 10. Fed. R. Civ. P. 10. Indeed, Plaintiff's complaint does not even refer to a cause of action.

---

[2] Plaintiff fails to allege a year that his "service" was cut off.

Next, as the Court noted in its prior Order (Doc. 5), Plaintiff's motion to proceed *in forma pauperis* is deficient. Plaintiff, at this Court's direction, filed a motion to proceed in forma pauperis, representing that he "holds no assets, no bank accounts, NOTHING[.]" (Docs. 3 & 4). However, Plaintiff's motion fails to make the necessary representations in an affidavit addressing the language of 28 U.S.C. § 1915(a)(1). 28 U.S.C. § 1915(a)(1) (requiring an affidavit "include[] a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. . . . [and] state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("[a]n affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation") (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)).

Accordingly, and upon due consideration, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 4), be denied, and this case be dismissed.

Recommended in Ocala, Florida on July 5, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy